### FINCHER *v.* DOUGLAS.

GILBERT, J.  A purchaser of land, in December, 1911, paid $500 in cash and gave his promissory notes for $24,500, due December 30 in each of the years 1912, 1913, 1914, and 1915, and received from the vendor a bond for title in which the following provisions were included: "Said Douglas [the vendor] has the right and power at his option, for valuable consideration, to wit, the easy terms and small cash payment, in the event that any one of the notes, either principal or interest, shall not be paid on the date of maturity thereof according to the terms thereof, to declare the sale void and cancelled, and this bond is to be returned to the said Douglas without any further action or process of any kind being necessary, and the sums paid in shall be deemed as having been paid as and for an option on said property only," and further, "it being expressly agreed that time being of the essence of this trade, each of us hereby agrees that if any one of said notes shall become due and remain unpaid at any time longer than maturity, then all remaining notes shall be considered due," etc., and further that "on failure of the said party of the second part [the vendee] to pay said sums of money [the purchase-money notes] or either of them at the times specified, then said obligation to be void and of no effect." The vendee failed to pay any of said purchase-money notes, or interest thereon. On October 5, 1923, he tendered to the vendor the entire balance of the purchase-money, which the vendor refused. The vendee instituted an action against the vendor, in one count for specific per-

formance, and in another for damages for alleged breach of the bond for title. *Held:*

1. The allegations in the petition, to the effect that after the purchase of the land and before any of the notes became due the land became involved in litigation and that the defendant was not in position to make title or to receive the purchase-money, will not, under the terms of the bond for title, relieve the vendee from his obligation under the contract to pay the purchase-money notes.

2. Under the facts alleged in the petition and the terms of the bond for title, it will be presumed that the vendee had abandoned his rights under the bond for title, and that at the time of the bringing of the suit the vendor was not bound thereby.

3. The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 4680. April 18, 1925. Rehearing denied June 24, 1925.

Equitable petition. Before Judge Humphries. Fulton superior court. November 26, 1924.

*H. B. Moss* and *Neufville & Neufville,* for plaintiff.

*E. L. Douglas,* for defendant.